## In re Washington County Tax Claim Bureau
## Return of Sale of Real Estate

*Melvin Bassi* for Washington County Tax Claim Bureau.

*Carl Brown, Jr.* for IBPOE of the World, Inc.

*Richard Amrhen* for Theodor Halas and David C. Loughner.

TERPUTAC, *J.,* July 20, 1993—The question before the court is the validity of the tax sale to the successful bidders, Theodore D. Kalas and Daniel C. Loughner.

At an upset sale held by the Washington County Tax Claim Bureau on November 16, 1992, the property which is the subject of this proceeding was sold to Theodore D. Kalas and Daniel C. Loughner. On January 14, 1993, a decree nisi confirming the sale was entered. The Improved Benevolent Protective Order of Elks of the World, Inc., Grand Lodge, filed on February 11, 1993, an objection to the sale. A hearing on the objection was set for March 22, 1993. At the time of the hearing, counsel for Kalas and Loughner presented a petition to intervene. No ob-

jection having been interposed, the court signed the order allowing intervention.

On the hearing date, three matters were before the court: (1) the objection to the tax sale by the Grand Lodge; (2) a preliminary objection on behalf of the Tax Claim Bureau alleging that the objection by the Grand Lodge should be stricken as untimely filed; and (3) the preliminary objections of Kalas and Loughner in the nature of a demurrer and motion to strike the objection of the Grand Lodge.

Essentially, the facts are undisputed. The subject property in this proceeding has been and is now assessed in the name of the local lodge situated in the Borough of McDonald, Washington County. The assessment, exhibit 2, reads as follows:

PARCEL ID: 470-011-00-05-0006-00

IMPROVED B. P. O. E. PRIDE OF WEST 196

114 BARR STREET

McDONALD, PA 15057

Recorded in the office of the Recorder of Deeds in deed book vol. 463, page 245, the deed (Exhibit 1) states in part as follows:

"BETWEEN F. L. Descutner and Lydia Descutner, his wife . . . parties of the first part, And. [sic] D. W. Simpson, William Galloway, William Mitchell, and R. H. Anderson. [sic] trustees of the pride of the west lodge no. 196. [sic] Improved, Benevolent, Protective Order of Elks of the World. [sic] of McDonald Borough . . . Their successors and assigns, parties, [sic] of the second part...."

In its objection to the sale, the Grand Lodge asserts that because the local lodge, Elk Lodge no. 196, is a subordinate lodge of the Improved Benevolent Protective Order of Elks of the World, Inc., Grand Lodge, it is subject to the constitution and by-laws of the Grand Lodge. Under the constitution and by-laws of the Grand Lodge, the local lodge is subjected to the use, sale, and debt of any real property owned by the subordinate lodge, so that the consent and approval of the Grand Lodge or the Grand Exalted Ruler is required for any sale. In this respect the Grand Lodge says it is an equitable owner of the property.

For their part, Kalas and Loughner have alleged that the Grand Lodge is not an "owner" within the meaning of the Real Estate Tax Sale Law, the Act of July 7, 1947, P.L. 1368, §101 et seq., as amended, 72 P.S. §5860.10, and is not entitled to any notice of sale pursuant to sections 602 or 607. On the other hand, the Grand Lodge has argued that even though the property is assessed in the name of the local lodge, that is, Improved B. P. O. E. Pride of West 196, 114 Barr Street, McDonald, PA 15057, the Grand Lodge should have been given notice of the proposed tax sale. Since the bureau failed to notify the Grand Lodge, the contention of the Grand Lodge is that the sale is defective.

The bureau has asserted that the Grand Lodge has filed its objections to the tax sale in untimely fashion. Judge O'Dell Seneca signed the decree nisi on January 14, 1993. Under section 607 of the law, objections or exceptions may be filed by an owner or liened creditor within 30 days after the court has made a confirmation nisi of the return. Since the lodge filed its objection on February

11, 1993, the objection has been properly filed so long as the objector is an owner or liened creditor.

Therefore, the only issue before the court is whether or not notice to the Grand Lodge should have been provided by the bureau. For the reasons stated, we hold that notice of the sale to the local lodge was proper and the sale to Kalas and Loughner was valid. We express no opinion about the marketability of the title of the purchasers.

Delinquent real estate tax sales are controlled by the Real Estate Tax Sale Law, 72 P.S. §5860.101 et seq. Section 602 requires the bureau to give pre-sale notice to "each owner as defined by this Act." In section 102, "owner" is defined in these words:

"'Owner,' the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; as to property having been turned over to the bureau under article VII by any county, 'owner' shall mean the county."

Supporting its contention, the Grand Lodge seeks to impose upon the bureau the responsibility of inquiring about an owner which may be a superior entity. Neither the deed nor the assessment record show that another entity may have an interest in the property. Further, no

other record which could reasonably be available to the bureau provides any indication that the Grand Lodge might have some type of interest. The cases relied upon by the Grand Lodge involve mortgage and lien holders. Reviewing the assessment record, a reasonable person would determine that the only entity entitled to notice is the local lodge no. 196 located at 114 Barr Street in the Borough of McDonald.

The Tax Claim Bureau never had any notice that the Grand Lodge might have some interest in the property. An unknown, unrecorded equitable interest, if any, cannot be used to nullify the tax sale. Moreover, the bureau had no reason to think that another entity might have an interest and that such entity would be entitled to notice. For the purposes of this sale, the Grand Lodge is not an owner as defined by the Real Estate Tax Sale Law.

## ORDER

And now, July 20, 1993, the court, after hearing and argument, orders, adjudges, and decrees as follows:

(1) The objection by The Improved Benevolent Protective Order of Elks of the World, Inc., sometimes referred to as the Grand Lodge, is dismissed.

(2) The preliminary objection by the Washington County Tax Claim Bureau is overruled because the objection by the Grand Lodge was timely filed.

(3) The preliminary objections of the purchasers, Theodore D. Kalas and Daniel C. Loughner, are sustained.

(4) The tax sale to Theodore D. Kalas and Daniel C. Loughner is valid and final.